IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| SKYLAR GUDASZ,<br>　　　　Plaintiff,<br><br>vs.<br><br>KARIM KHARBOUCH a/k/a "FRENCH MONTANA"; RORY WILLIAM QUIGLEY a/k/a "HARRY FRAUD"; COKE BOYZ, LLC a/k/a "COKE BOYS RECORDS"; MONTANA ENTERTAINMENT, LLC; COCAINE CITY RECORDS, LLC; FRAUD BEATS, INC.; SONY MUSIC ENTERTAINMENT, INC; and VYDIA, INC,<br>　　　　Defendants. | CIVIL ACTION,<br><br>FILE NO. _____ |

COMPLAINT
17 U.S.C. §§ 101

Plaintiff, Skylar Gudasz, states and alleges:

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**

1. This action is brought under the federal Copyright Act of 1976, at 17 U.S.C. §§ 101 et seq. This court has jurisdiction pursuant to Sections 1332(a), 1338(a) and 1338(b) of the Judicial Code (28 U.S.C. §§ 1332(a), 28 U.S.C. §§ 1338(a), 28 U.S.C.A. §§ 1338(b)). Venue is conferred by Sections 1391(c) and 1400(a) of the Judicial Code (28 U.S.C. §§ 1391(c), 28 U.S.C.A. § 1400(a)).

2. The actions outside of the copyright are pendant state actions but also brought pursuant to 28 U.S.C. § 1332 in that the pleadings evidence complete diversity of citizenship between the Plaintiff and Defendants and the alleged damages to Plaintiff exceeds $75,000.00

3. Plaintiff, Skylar Gudasz, is a composer, writer, and performer of musical compositions, and is now, and was, at all relevant times mentioned in this complaint, a citizen of the United States residing in the City of Durham, Durham County, North Carolina.

4. Defendant, Karim Kharbouch (a/k/a "French Montana" and referred to hereinafter as "French"), upon information and belief, is now, and was, at all relevant times mentioned in this complaint, an individual residing in Los Angeles, Los Angeles County, California.

5. Defendant, Rory William Quigley (a/k/a "Harry Fraud" and referred to hereinafter as "Fraud"), upon information and belief, is now, and was, at all relevant times mentioned in this complaint, an individual residing in New York City, New York.

6. Defendant, Coke Boys Records (a/k/a Coke Boyz, LLC, which is now administratively dissolved with the California Secretary of State), is a limited liability company organized as a music label by and for Defendant French, upon information and belief a citizen of California, under the laws of the State of California.

7. Defendant, Montana Entertainment, LLC, is a limited liability company owned and controlled by Defendant French, upon information and belief a citizen of California, that was organized under the laws of Delaware, previously registered in the State of California but is now in forfeited status due to a failure of filing Statements of Information.

8. Defendant, Cocaine City Records, LLC, is a limited liability company owned and controlled by Defendant French, upon information and belief a citizen of California, that was organized and is existing under the laws of Delaware.

9. Defendant, Fraud Beats, Inc., is a music production corporation owned and controlled by Defendant Fraud, and existing under the laws of the State of New York.

10. Defendant, Sony Music Entertainment, Inc. ("Sony Music"), is a corporation organized and existing under the laws of the State of Tennessee. Sony Music is the parent company of Sony Music Publishing (US), LLC, which is the publishing administrator for Defendant Fraud Beats, Inc.

11. Defendant, Vydia, Inc. ("Vydia"), is a music distribution corporation organized and existing under the laws of the State of New York.

12. During 2017 and 2018, Plaintiff created a musical composition entitled "Femme Fatale," an original work entitled to copyright protection under the laws of these United States and in fact was registered for statutory copyright protection as set out below.

13. On April 17, 2020, Plaintiff released the song "Femme Fatale" on her studio album, *Cinema*. A YouTube link to Plaintiff's song, "Femme Fatale," is here https://www.youtube.com/watch?v=2iybikuwuPc.

14. Within three months of publishing, "Femme Fatale" was registered with Broadcast Music, Inc. (a/k/a "BMI"), a royalty performance organization, allowing the sound recording and composition to be performed on digital streaming platforms like Spotify, YouTube, Apple Music, among others. A copy of that registration is attached as **Exhibit 1**.

Page **3** of **15**
Case 4:23-cv-00137-D-RJ   Document 1   Filed 08/17/23   Page 3 of 15

15. Plaintiff has played her composition in live performances throughout the United States, including her home turf of North Carolina, since 2017 and continuing into 2023 and the filing of this lawsuit, achieving a loyal following.

16. Plaintiff, through her attorney, registered "Femme Fatale" with the United States Copyright Office under the Class of Performing Arts on September 21, 2022, and under the Class of Sound Recordings on October 6, 2022. A copy of each Copyright Registration Certificate is attached hereto as **Exhibits 2-3, respectively.**

17. On May 25, 2022, Plaintiff was directly contacted at her home in Durham, North Carolina, by Deborah Mannis-Gardner ("Gardner"), the owner/director of DMG Clearances, Inc. ("DMG") headquartered in Hockessin, Delaware. DMG specializes in obtaining clearances for Film, Television, Samples and New Technology on behalf of their clients.

18. DMG wanted to know who controlled the publishing and the copyright of the song "Femme Fatale."

19. Plaintiff informed DMG that Plaintiff was the writer and publisher of the song and solely owned the exclusive copyrights to the sound recording and composition of the song.

20. On May 25, 2022, Gardner and DMG contacted Plaintiff and her attorney, Shawn Nolan, indicating they represented Defendant French, "a self-recording artist" who used "Femme Fatale" as a sample in the production of the song "Blue Chills," that was soon to be released.

21. DMG represented that they wanted to obtain proper licenses for "Femme Fatale" on behalf of their client, Defendant French.

22. DMG, on behalf of Defendant French, and Shawn Nolan on behalf of Plaintiff, negotiated most or all material terms of a licensing contract and license agreement between Plaintiff

and French, the terms of which are set out in numerous emails (at least 9), with terms to be as follows:

> ARTIST: French Montana
> NEW SONG: Blue Chills
> SAMPLED SONG: Femme Fatale
> PUBLISHING QUOTE: $3750 non recp fee; 50% of the new copyright
> MASTER QUOTE: $3750 recp. Agst. .08 Master sold or downloaded (and a record equivalent of 150 streams)
> 40% share of all flat fee income including master use fees, AARC income and Sound Exchange featured artist share.
> The agreement is a North Carolina contract to be construed in accordance with and under North Carolina law.

23. The situs of the license agreement and negotiation was in this district of North Carolina.

24. However, on June 17, 2022, prior to finalizing and signing a license agreement even though many relevant terms were agreed to at that time, Defendant released the single and music video, "Blue Chills," followed by a studio album, a deluxe album, and various formats of physical albums, containing the sound recording and composition of Plaintiff's song "Femme Fatale" without obtaining Plaintiff's permission to move forward with such a release or use of her song and composition.

25. "Blue Chills" splices Plaintiff's first verse, chorus and other portions of her composition and sound recording of "Femme Fatale", speeding up Plaintiff's original recording to make the sample faster and have a higher pitch as shown on this link to YouTube here https://www.youtube.com/watch?v=2pa6Vbs_uGc.

26. On June 21, 2022, in the midst of negotiations, when advised by Plaintiff's attorney of the untimely drop of "Blue Chill", DMG replied,

> "Oh jeez *[many spaces]* reaching out to Adam Zia"

Adam Zia is French's attorney.

27. DMG continued to maintain there would be a final agreement, sent emails finalizing the licensing agreement and requested invoices from Plaintiff, which Plaintiff timely sent, in order for Defendants to make timely payments pursuant to the agreement and even sent Plaintiff a congratulatory email.

28. Despite repeated promises from Defendants and DMG, no signed agreement, fees, royalties, licensing agreements or monies have ever been sent to Plaintiff or received by Plaintiff, indicating Defendants were wrongfully repudiating any agreement and wrongfully infringing on Plaintiff's copyrights to her musical composition and sound recording.

29. Upon information and belief, from June 17, 2022, to the filing of this lawsuit, the song "Blue Chills," using Plaintiff's sound recording and musical composition of "Femme Fatale," has been streamed over 10 million times on streaming channels, as part of the *Montega* studio album, the *Montega (Deluxe Edition)* album, and as a single released prior to the *Montega* albums. The official music video for "Blue Chills" has been streamed over four million times on YouTube as of the date of this filing in this jurisdiction, throughout the United States and the world.

30. Defendants collectively or separately and jointly and severally published, manufactured, and began selling electronic recordings in the form of digital streaming, records, physical compact discs and vinyl records, and music videos of Plaintiff's song "Femme Fatale" in an album entitled *Montega,* released on June 24, 2022, which contains Plaintiff's song "Femme Fatale," as previously described.

31. On or about April 7, 2023, a new vinyl format of the album *Montega* was released by Defendants, some six months after Plaintiff registered her sound recording and musical

composition with the Copyright Office of the United States, despite actual knowledge of Plaintiff's ownership of the song recording and composition.

32. "Blue Chills," containing the sound recording and composition of "Femme Fatale" by Plaintiff, was the first single released from the *Montega* album, is the first song on that album, and as of the time of this filing is the second-most streamed song on that very successful album.

33. "Blue Chills," containing the sound recording and composition of "Femme Fatale" by Plaintiff, has been released as a single on June 17, 2022, featured on the *Montega* studio album released June 24, 2022, featured on a vinyl record released June 24, 2022, featured on the *Montega (Deluxe Edition)* album released June 27, 2022, and another vinyl record format released April 7, 2023.

34. Defendants knowingly infringed Plaintiff's copyrights by publishing, offering for sale and selling a reproduction and derivative of Plaintiff's work, "Femme Fatale," in the form of digital streaming, physical copies of compact discs and vinyl records, and showcased in a music video entitled "Blue Chills," which contains the song "Femme Fatale," all of which have been extensively downloaded and streamed in this jurisdiction and throughout the United States and world.

35. Defendants' knowledge of Plaintiff's ownership of "Femme Fatale" is evidenced by correspondences with French's agent DMG, French's lawyer Adam Zia, Instagram comments by Defendant French and Defendant Fraud themselves congratulating Plaintiff, and a rap interview on "Rap Life Radio" acknowledging Plaintiff on the song "Blue Chills."

36. By publishing, offering for sale, and selling the video "Blue Chills," Defendants have infringed, and are infringing, Plaintiff's copyrights within this judicial district and elsewhere throughout the United States and world without the consent of Plaintiff, without a signed license agreement and without official permission from Plaintiff, in complete disregard of Plaintiff's copyrights, entitlement to compensation and acknowledgement of authorship.

37. Defendants have wrongfully manufactured, distributed for sale, and sold phonorecords of the song "Blue Chills" containing the sound recording and composition of Plaintiff's song, "Femme Fatale," and has done so without first obtaining licenses and official approval from Plaintiff to move forward with the release of the infringing song "Blue Chills."

38. Despite actual notice from Plaintiff to Defendants of their wrongful conduct, Defendants have ignored, and continue to ignore, Plaintiff's exclusive rights and entitlement to royalties.

39. Defendants have infringed and continue to infringe Plaintiff's copyrights and monetary rights to the use of her sound recording and composition, and Defendants have instead intentionally and knowingly honored Defendants' illegal claim of entitlement to revenue related to the use of "Femme Fatale" in the song "Blue Chills" to their own exclusive economic benefit.

40. The unauthorized and infringing use by Defendants of the song "Femme Fatale" has caused irreparable harm, damage and injury to Plaintiff, in that Plaintiff has been deprived of the rightful experience of benefitting and enjoying the fruits of her labor as a result of the failure of Defendants to properly credit Plaintiff as the composer, lyricist, vocalist, and owner of the sample contained in the song "Blue Chills."

41. Plaintiff has been, and will continue to be, irreparably harmed, damaged and injured as a result of the Defendants' infringements and continuing infringements of Plaintiff's exclusive copyrights to her sound recording and composition.

42. In addition, Defendants have unlawfully and wrongfully derived, and will continue to derive, income and profits from their infringing acts.

## SECOND CAUSE OF ACTION
## UNDFAIR AND DECEPTIVE TRADE PRACTICES

43. Plaintiff hereby incorporates all allegations in this complaint as if fully set out herein.

44. Defendants, by their wrongful unauthorized appropriation and use of Plaintiff's original sound recording and composition to their personal benefit, have engaged, and are engaging, in acts of wrongful deception to the purchasing public, wrongful deprivation of Plaintiff's good name and reputation, and the wrongful deprivation of Plaintiff's right to public recognition and credit as composer and owner of the song "Femme Fatale," constituting unfair and deceptive trade practice in violation on N.C.G.S. § 75-1.1 et seq.

45. Defendants' unfair competition is related to Defendants' substantial copyright infringement as pled herein and both actions are based on the same operative facts.

46. Since June 17, 2022, and continuously after that date, Defendants have been performing, recording, publishing, selling and marketing the song "Blue Chills" and the *Montega* album which contains the song "Femme Fatale," engaging in commerce throughout North Carolina and the United States.

47. Defendants' acts complained of herein this Pleading offend the public policies set out in the comprehensive Copyright Statutes referred to herein.

Page **9** of **15**
Case 4:23-cv-00137-D-RJ   Document 1   Filed 08/17/23   Page 9 of 15

48. Defendants have used their superior economic power and public image inequitably to avoid rightfully compensating Plaintiff, disobeying established laws, knowing Plaintiff would have difficulty hiring an attorney to represent her in this action due to the financial cost of filing and pursuing an action in Federal Court.

49. The consuming public has been deceived by Defendants actions into believing the Defendants French and Fraud wrote the "Femme Fatale" portion of "Blue Chills".

50. Plaintiff is informed and believes and therefore alleges upon such information and belief that French has engaged in similar such unfair and nefarious behavior as alleged herein in the past and thus exhibits a pattern of unlawful or deceitful behavior.

51. Vydia, Inc. committed infringement by distributing, performing and authorizing third party performances, and reproducing the recording and composition containing the sound recording and composition of Plaintiff without Plaintiff's authorization. Its conduct has resulted in unfair and deceptive trade practices.

52. Plaintiff has suffered damages as set out in these pleadings.

### THIRD CAUSE OF ACTION
### ALTERNATIVE CAUSE OF ACTION
### FRAUD

53. Plaintiff hereby incorporates those matters alleged in this complaint as if fully set out herein.

54. Defendant French, individually and by and through his authorized representative, falsely represented that he would enter into a written license agreement with Plaintiff and abide by the terms of that agreement.

55. The representation was reasonably calculated to deceive Plaintiff in that, as set out above, there were extensive negotiations and Plaintiff entered into contract negotiations in good

faith to reach a license agreement with the intended purpose that she would be paid for the fruits of her labor in the sound recording and composition of her song, "Femme Fatale."

56. Plaintiff reasonably relied on the representation that, even after the unauthorized release of her recording and composition on "Blue Chills," Defendants and their representatives were working to finalize the agreement with Plaintiff so she would be paid her just due. In fact, Plaintiff received requests from Defendants' representatives requesting invoices from Plaintiff so she could be compensated, though those invoices have yet to be paid as of the date of this filing.

57. That representation that Defendant French would enter into a contract was done with the intent to deceive Plaintiff and with the intent that Plaintiff act upon it by allowing Defendants to go forward appropriating her sound recording and musical composition in order to reap the financial rewards as quickly as possible.

58. Plaintiff was in fact deceived by this false representation and went to the expense and time to prepare a license agreement, only to find out that French and the other Defendants had no intent to enter into an agreement and instead thought they could steal her recording and composition for their own use. Under the circumstances as set out herein, Plaintiff's reliance on these false representations was reasonable.

59. Plaintiff promoted the song "Blue Chills" and contributed to its success to her detriment, believing that Defendants were acting in good faith and that they were working together with Plaintiff, when in fact Defendants never intended to enter into or follow through on any agreement rewarding Plaintiff for her work.

60. Plaintiff reasonably relied on the representations that she would be credited and compensated for her recording and composition contribution to Defendants' song. Because

Page **11** of **15**
Case 4:23-cv-00137-D-RJ    Document 1    Filed 08/17/23    Page 11 of 15

of the fraudulent representations by Defendants, Plaintiff has experienced financial repercussions and embarrassment as Defendants have continued to take full credit for and proceeds from the song "Blue Chills."

61. Because of Defendants' representations, Plaintiff reasonably believed that the terms of the agreement would be finalized and materialized. If she had not reasonably relied on these fraudulent representations by Defendants, she could have taken action sooner and saved monetary expenditures, reputational damages and time that have all been wasted believing that Defendants would act honestly and in good faith.

62. Plaintiff reasonably relied on the representations that Defendants made, leaving her regrettably connected to the disingenuous Defendants.

63. Plaintiff has suffered damages proximately caused by these false representations in that her right to renumeration for the use of her song has been denied by Defendant French and Defendant Fraud and the other Defendants and Plaintiff is now in a position where it is difficult to impossible to determine her exact damages due to the information being exclusively in the control of Defendants.

64. Those damages to date are believed to be in excess of $75,000.00.

## ALTERNATIVE CAUSE OF ACTION
## CIVIL CONSPIRACY

65. Plaintiff hereby incorporates all the preceding paragraphs and allegations in this complaint as if fully set out herein.

66. Alternatively and additionally, Plaintiff pleads civil conspiracy against the Defendants, jointly and severally, collectively and individually.

67. The Defendants conspired amongst each other to wrongfully appropriate Plaintiff's copyrighted, protected music composition and sound recording, "Femme Fatale," to their own use and monetary enrichment in violation of the US Copyright Laws.

68. The actions of the Defendants, as plead herein, in concert with one another, are unlawful acts and violate, not only the copyright laws with civil penalties but the criminal law 17 U.S.C. § 506(a) and 18 U.S.C. § 2319(b)(1).

69. The Defendants thereafter committed acts in furtherance of this conspiracy by producing records, performing live productions of the infringing song "Blue Chills," performing and selling videos of the infringing song, allowing the infringing song to be streamed and downloaded to their benefit, wrongfully and deceitfully claiming authorship of the recording and composition of Plaintiff's song "Femme Fatale" in "Blue Chills," and further unlawful acts and furtherance of this conspiracy that will be shown at trial.

70. The acts contained and alleged in this Complaint proximately caused monetary injury to Plaintiff as setout herein including without limitation loss of the fruits of her labor, loss of rightful recognition for her song, and monetary damages as alleged herein.

### ALTERNATIVE CAUSE OF ACTION
### UNJUST ENRICHMENT

71. Plaintiff hereby incorporates all the preceding paragraphs and allegations in this complaint as if fully set out herein.

72. Alternatively and additionally, Plaintiff pleads that Defendants have been unjustly enriched by their wrongful actions in appropriating Plaintiff's sound recording and musical composition "Femme Fatale" and commercially reaping monetary benefits.

73. That due to the extensive negotiations between Plaintiff and Defendant French, Plaintiff expected to be paid for her actions and in good faith attempted to enter a licensing agreement.

74. In violation of requirements by the Copyright statute, Defendant French refused to sign any agreement yet used the benefits of the negotiated agreement to his benefit by keeping all royalties, fees, and monetary enhancements for his and the Defendants' exclusive benefit to the wrongful exclusion of Plaintiff.

75. The Defendants have been wrongfully enriched at Plaintiff's expense and the laws of equity demand that Defendants be required to disgorge all profits from the wrongful enrichment and make a full accounting to this Court and Plaintiff in order to pay Plaintiff her just due.

76. Plaintiff demands a jury trial for all issues so triable.

Plaintiff requests judgment jointly and severally against the Defendants for:

1. For actual damages and Defendants' profits in an amount in excess of $75,000.00 to be determined at a trial, plus interest.

2. An accounting for, and payment to the Plaintiff of, all the following sums:

    a. All gains, profits and advantages derived by Defendants as a result of their infringement of Plaintiff's copyrights to the song "Femme Fatale;"

    b. All gains, profits and advantages derived by Defendants as a result of their unfair trade practices and unfair competition;

    c. All gains, profits and advantages derived by Defendants in connection with the unauthorized exploitation of the song "Blue Chills" embodying the sound recording and composition of Plaintiff for unjust enrichment; and

    d.    Alternatively, for punitive damages to deter these Defendants and others so inclined from such willful and unlawful conduct.

3. For damages in the sum in excess of $75,000.00, or such damages as the Court shall deem proper and within the provisions of the copyright statutes, but not less than the sum of $75,000.00;

4. That the damages be tripled as allowed by North Carolina law;

5. For attorney fees and costs as allowed by law;

6. For a trial by jury as permitted by law; and

7. For such other and further relief as the court deems just and proper.

Dated: August 17th, 2023

                                            **TOLL, RAY & ASSOCIATES, PLLC**

                                            */s/ Alan E. Toll*
                                            Alan E. Toll
                                            N.C. State Bar No. 12876
                                            1411 Commonwealth Drive, Suite 302
                                            Wilmington, NC 28403
                                            Telephone: (910) 251-9900
                                            Facsimile: (910) 251-9667
                                            Email: atoll@tollraylaw.com